IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-35,493-04






EX PARTE DONALD FITZGERALD DAVIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-372-007956-0964559-B IN THE 372
ND DISTRICT COURT


FROM TARRANT COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to two (2) years' imprisonment. He did not appeal his conviction. 

 Applicant alleges that he was arrested on a parole revocation warrant on August 30, 2006,
but has not been given a preliminary hearing. He also alleges that he has not been properly notified
of the alleged parole violations or his right to a preliminary hearing. 

 The trial court has entered findings of fact and conclusions of law recommending that relief
be denied. The trial court recommended denying relief because Applicant remains on pre-revocation
status and has criminal charges pending. However, a preliminary hearing is constitutionally mandated
under Morrissey v. Brewer, 408 U.S. 471, 485 (1972). "[D]ue process would seem to require that
some minimal inquiry be conducted . . . as promptly as convenient after arrest while information is
fresh and sources are available" to "determine whether there is probable cause or reasonable ground
to believe that the arrested parolee has committed acts that would constitute a violation of parole
conditions." Id. The parolee should be given notice that the preliminary hearing will take place and
that its purpose is to determine whether there is probable cause to believe he has committed a parole
violation. Id. He should also be notified of the alleged parole violations. Id. The Texas Legislature
enacted section 508.2811 of the Government Code to implement the due process rights of those who
are arrested as parole violators. Tex. Gov't Code § 508.2811. 

 Applicants has alleged facts which, if true, could entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant has been notified of the
alleged parole violation and his right to a preliminary hearing. The trial court shall make findings of
fact as to whether Applicant has been given a preliminary hearing and, if not, why he has not been
given such a hearing. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: April 4, 2007

Do not publish